**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KELLY ANN DOYLE,

Plaintiff,

v. Case No.: 3:26-cv-1262-WWB-SJH

CARLA BUSBY and DAVID GARGON,

Defendants.
_______________________________/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's second Application to Proceed in District Court Without Pre-Paying Fees or Costs (Long Form) (Doc. 12). United States Magistrate Judge Samuel J. Horovitz issued a Report and Recommendation ("**R&R**," Doc. 19), in which he recommends denying the Application and dismissing the Second Amended Complaint (Doc. 18). Plaintiff filed Objections (Doc. 20) to the R&R.[1] For the reasons set forth below, Plaintiff's Objections will be overruled, the R&R will be adopted, and the Second Amended Complaint will be dismissed.

Plaintiff entered into a pretrial intervention ("**PTI**") program after being charged with state-level crimes. (Doc. 18, ¶ 7). Plaintiff alleges that Defendants violated her due process rights by removing her from PTI without notice or a hearing. (*Id.* ¶¶ 9, 12, 15, 18). Magistrate Judge Horovitz recommends dismissing the Second Amended Compliant

[1] The Second Amended Complaint and Plaintiff's Objections fail to comply with this Court's January 13, 2021 and April 2, 2026 Standing Orders. In the interests of justice, the Court will consider the filings, but Plaintiff is cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

because participation in Florida's PTI program is wholly discretionary, *see State v. Higgins*, 420 So. 3d 538, 540 (Fla. 6th DCA 2025), and thus "is not a protected entitlement" the termination of which may give rise to a procedural due process violation, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

Plaintiff argues that she entered into an agreement wherein she was obligated to complete the PTI program in exchange for the State dropping the charges brought against her. Such agreement is not attached to Plaintiff's pleading or Objections and is not even referenced in the former. In any event, Plaintiff's first objection seems to suggest that while the State of Florida has ultimate discretion to admit criminal defendants into PTI, it may lack discretion to terminate a defendant's PTI either generally or pursuant to an agreement like that which Plaintiff describes. However, "[r]esumption of pending criminal

proceedings shall be undertaken at any time if the [PTI] program administrator or state attorney finds that the offender is not fulfilling his or her obligations . . . or if the public interest so requires." Fla. Stat. § 948.08(4). Even where a defendant reaches "the end of [her PTI] period," the state attorney still maintains full discretion to "make the final determination as to whether prosecution shall continue." *Id.* § 948.08(5). Therefore, and regardless of State compliance with a particular defendant's "pretrial intervention agreement," "once [the] defendant is admitted to pretrial intervention, the decision to resume prosecution of the charges against [her] lies solely with the state." *State v. Board*, 565 So. 2d 880, 881 (Fla. 5th DCA 1990). Thus, and contrary to Plaintiff's objection, *Castle Rock* controls and was applied correctly in the R&R.

Plaintiff's second and third objections dispute whether the opportunity to amend would be futile. Plaintiff also "requests clarification that she may seek leave to plead a legally cognizable theory if the Court concludes the present theory fails." (Doc. 20 at 5–6). However, amendment is futile *because* Plaintiff's present theory fails. *See Gardner v. Mutz*, 857 F. App'x 633, 636 (11th Cir. 2021) ("When the government doesn't deprive someone of a constitutionally protected liberty or property interest, it doesn't violate the Due Process Clause of the Fourteenth Amendment."). In other words, and as explained in the R&R, the "underlying facts [here] are not a 'proper subject of relief' under the law." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1333 (11th Cir. 2020) (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004)). Plaintiff offers no suggestion to the contrary and fails to identify any changes she would or could make to her allegations if given the opportunity. The Court therefore agrees that amendment

would be futile and concludes that dismissal without prejudice and without leave to amend is appropriate, bordering on generous.

Lastly, Plaintiff urges the Court to consider her third Application to Proceed in District Court Without Pre-Paying Fees or Costs (Long Form) (Doc. 22), which she filed after her Objections, arguing that she has cured her second Application's defects as identified in the R&R. Plaintiff does not substantively object to the R&R's conclusion that the second Application was deficient. Moreover, Plaintiff's filing of a third Application renders her second Application moot. Lastly, even if the Court agreed that Plaintiff had cured the defects in her Application, curing the Application cannot cure the Second Amended Complaint. *Compare* 28 U.S.C. § 1915(a)(1) (allowing litigants to commence actions without prepayment of fees by submitting an affidavit showing inability to pay), *with id.* § 1915(e)(2)(B)(ii) (requiring dismissal claims raised *in forma pauperis* "at any time" they are determined to be non-viable). That is why Magistrate Judge Horovitz expressly recommended dismissal even after "assuming Plaintiff qualifies financially to proceed IFP." (Doc. 19 at 4). Because Plaintiff does not and cannot state a claim on which relief may be granted, the Second Amended Complaint must be dismissed. Plaintiff's fourth objection is not relevant to that conclusion and fails to state any basis for disagreeing with the R&R.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's second Application to Proceed in District Court Without Pre-Paying Fees or Costs (Long Form) (Doc. 12) is **DENIED as moot**.
2. Plaintiff's Objections (Doc. 20) are **OVERRULED**.

3. The Report and Recommendation (Doc. 19) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
4. The Second Amended Complaint (Doc. 18) is **DISMISSED without prejudice**.
5. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on September 22, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party